HON. MARSHA J. PECHMAN

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 19 2001 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS R. DREILING, on behalf of
INFOSPACE, INC.,

    Plaintiff,

v.

STILES A. KELLETT, JR., an individual; and
KELLETT PARTNERS LP, a limited
partnership; and NAVEEN JAIN and
ANURADHA JAIN, husband and wife, and
their marital community, THE JAIN FAMILY
IRREVOCABLE TRUST, THE NAVEEN JAIN
GRAT NO. 1 TRUST, and THE ANURADHA
JAIN GRAT NO. 1 TRUST,

    Defendants,

and

INFOSPACE, INC.,
    Nominal Defendant.

NO. C01-1528P

FIRST AMENDED COMPLAINT FOR
RECOVERY OF SHORT-SWING
PROFITS UNDER § 16(b) OF THE
SECURITIES EXCHANGE ACT OF 1934

## A. IDENTIFICATION

1. ***Plaintiff Dreiling.*** Thomas R. Dreiling ("Dreiling") is an individual residing in the Western District of Washington. Plaintiff is presently an InfoSpace

FIRST AMENDED COMPLAINT - 1

ORIGINAL

SIRIANNI & YOUTZ
701 FIFTH AVENUE, SUITE 3410
SEATTLE, WASHINGTON 98104-7032
(206) 223-0303

shareholder.

2. ***InfoSpace, Inc.*** InfoSpace is a company whose principal place of business is in King County, Washington. This suit is brought on behalf of InfoSpace to obtain relief and recovery for InfoSpace.

3. ***Defendant Kellett.*** Stiles A. Kellett, Jr. ("Kellett") is a resident of Atlanta, Georgia. As the chairman of Kellett Investment Corporation and the general partner of defendant Kellett Partners LP, defendant Kellett has regularly transacted business in King County, Washington.

4. ***Defendant Kellett Partners.*** Kellett Partners LP ("Kellett Partners") is a partnership that transacts business in King County, Washington. Kellett Partners and its affiliate, Kellett Investment Corporation, serve as an investment fund for later-stage, high-growth private companies. One such company, before it went public, was InfoSpace.

5. ***John E. Cunningham.*** John E. Cunningham ("Cunningham") is the president of Kellett Investment Corporation and the general partner of Clear Fir Partners, L.P., both of which maintain offices, and conduct business, in King County Washington. Cunningham has served as a director of InfoSpace since July 1998.

6. ***Clear Fir Partners, L.P.*** Clear Fir Partners L.P. ("Clear Fir") is a limited partnership doing business in King County, Washington. It serves as an investment fund for later-stage, high growth private companies. One such company, before it went public, was InfoSpace. On information and belief, Cunningham controls Clear Fir Partners.

7. ***Rufus W. Lumry III.*** Rufus W. Lumry III ("Lumry") has served as a director of InfoSpace since December 1998. Lumry is the founder, principal stockholder, sole director and President of Acorn Ventures, Inc., a Washington Corporation. Acorn Ventures, Inc. is the sole stockholder of Acorn Ventures I.S., LLC, a

FIRST AMENDED COMPLAINT - 2

Washington Limited Liability Corporation. Lumry controls Acorn Ventures I.S., LLC and Acorn Ventures, Inc. Lumry also controls, and is the majority owner of, Internet Ventures, LLC.

   8.   *Acorn Ventures, Inc.*   Acorn Ventures, Inc. ("Acorn Inc.") is the sole stockholder of Acorn Ventures I.S., LLC. Acorn Inc. is controlled by Lumry.

   9.   *Acorn Ventures I.S., LLC.*   Acorn Ventures I.S., LLC ("Acorn LLC") is owned by Acorn Inc. and controlled by Lumry.

   10.   *Defendants Jain and Jain Trusts.*   Naveen Jain and his wife, Anuradha Jain, reside in King County, Washington. Mr. Jain, the founder of InfoSpace, was its Chief Executive Officer from March 1996 to April 2000. He was its President from March 1996 to November 1998, and was its sole Director from March 1996 to June 1998. From June 1998 to present, Mr. Jain has been Chairman of InfoSpace's Board of Directors. In January 2001, he again became its Chief Executive Officer. Naveen Jain controls and dominates InfoSpace, and has done so at all relevant times. Mr. Jain is, and at all relevant times has been, InfoSpace's largest stockholder. He presently owns approximately 20 percent of the outstanding common stock of InfoSpace. Anuradha Jain is, and has been, an InfoSpace stockholder and employee. All actions of Mr. Jain, including sales of InfoSpace stock, were for the benefit of himself, his spouse, and their marital community (collectively, "Jain"). Mr. Jain has sole voting power and control of at least three trusts: the Jain Family Irrevocable Trust, the Naveen Jain GRAT No. 1 (a grantor retained annuity trust) and the Anuradha Jain GRAT No. 1 (also a grantor retained annuity trust) (collectively, the "Trusts"). Naveen and Anuradha Jain control the investments of the Trusts.

### B.   JURISDICTION AND VENUE

   11.   *Jurisdiction.*   Jurisdiction in this Court arises under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

FIRST AMENDED COMPLAINT - 3

12. *Venue.* Venue is proper in this Court under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, because, *inter alia*, all the defendants transact business in this district and defendants Jain are inhabitants of this district.

### C. PRELIMINARY ALLEGATIONS

13. *Plaintiff's Ownership.* Plaintiff purchased 100 shares (400 shares split-adjusted) of stock in InfoSpace on or about December 8, 1999, in his IRA account. Plaintiff has, at all times since his initial purchase to the present, been a stockholder of InfoSpace.

14. *Demand.* Plaintiff made a statutory demand upon the InfoSpace board of directors on October 19, 2001. Plaintiff demanded that the InfoSpace Board of Directors recover profits realized by Jain, the Trusts, Kellett and Kellett Partners, LP. In response to this demand, InfoSpace failed to institute or maintain suit to recover profits realized by Jain, the Trusts, Kellett or Kellett Partners, LP within the statutory 60-day period. Given this failure to institute suit, plaintiff is empowered under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b) to bring and maintain suit on behalf on InfoSpace.

15. *Adequate Representation.* Plaintiff fairly and adequately represents the interests of the non-insider shareholders of InfoSpace. Each such non-insider shareholder has an interest identical to plaintiff's—to recover, for InfoSpace, the ill-gotten profits defendants realized through violations of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

### D. FACTS

#### Short-Swing Transactions

16. *Transactions.* Within periods of less than six months, the defendants engaged in numerous purchases and corresponding sales, or sales and corresponding purchases, of InfoSpace stock and/or other InfoSpace securities.

FIRST AMENDED COMPLAINT – 4

17.  ***Failure to Report Transactions***.  Defendants Kellett, Kellett Partners and Jain, including the Trusts controlled by Jain, routinely either failed to report transactions as required by the SEC or filed incomplete or inaccurate reports.  As a result, some transactions subject to this action occurred more than two years ago, but were not disclosed as required under of § 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(a), thereby tolling the two-year statute of limitations.  Other transactions were not reported, and still have not been reported, as required by § 16(a).  As to those transactions, the statute of limitations has been tolled.

18.  ***Profit From Transactions***.  The defendants personally profited from the corresponding purchases and sales or sales and purchases of InfoSpace stock and/or other InfoSpace securities.

### Defendants Are Directors or Principal Stockholders

19.  ***10% Ownership – Kellett and Kellett Partners***.  Defendants Kellett and Kellett Partners, in conjunction with Cunningham, Clear Fir, Lumry, Acorn Inc. and Acorn LLC, agreed to act together for the purpose of acquiring, holding, voting or disposing of InfoSpace stock.  They combined to further a common objective in acquiring, holding, voting or disposing of InfoSpace stock.  Defendants Kellett and Kellett Partners, in conjunction with Cunningham, Clear Fir, Lumry, Acorn Inc. and Acorn LLC, therefore formed a group under SEC Rule 13d-5.  The beneficial ownership of this group exceeded 10% of InfoSpace's stock from December 15, 1998 through at least July 31, 2000.  Examples of coordinated activity include, but are not limited to, the following:

(a)  On May 21, 1998, Acorn LLC, Cunningham and Kellett Partners, and they alone, coordinated the purchase of shares of stock in InfoSpace prior to its initial public offering.  In conjunction with this coordinated purchase, the Acorn LLC, Cunningham and Kellett Partners, and they alone, received common stock and

FIRST AMENDED COMPLAINT - 5

SIRIANNI & YOUTZ
701 FIFTH AVENUE, SUITE 3410
SEATTLE, WASHINGTON 98104-7032
(206) 223-0303

warrants to purchase common stock at identical per share and exercise prices. Pursuant to the terms of a "Co-Sale Agreement" entered into as of May 21, 1998, between each of Acorn LLC, Cunningham and Kellett Partners, and them alone, on the one hand, and InfoSpace founder Naveen Jain, on the other, Acorn LLC, Cunningham and Kellett Partners acquired identical rights protecting their investments in InfoSpace in the event that Jain began selling his InfoSpace shares before an initial public offering by InfoSpace.

    (b)   Also on May 21, 1998, InfoSpace entered into identical "Consulting Agreements" with Acorn LLC, Cunningham and defendant Kellett Partners. No other persons or entities entered into similar agreements. Pursuant to these Consulting Agreements, Acorn LLC, Cunningham and Kellett Partners were to provide "assistance in defining the Company's business strategy, identifying and meeting with sources of financing and assisting the Company in structuring and negotiating such financing." Acorn LLC, Cunningham and defendant Kellett Partners were provided indemnification under the Consulting Agreements.

    (c)   On August 6, 1998, prior to its initial public offering,, InfoSpace sold shares of stock at $8.00 in a coordinated private placement to Acorn LLC, Cunningham and Kellett Partners, but no others.

    (d)   Acorn LLC/Lumry, Cunningham/Clear Fir and Kellett Partners have coordinated activity in the pre-initial public offering financing of other ventures as well, including imagex.com and meals.com.

    20.   *10% Ownership — Jain.* At all relevant times Jain has owned at least 10% of the outstanding shares of InfoSpace.

    21.   *Directors – Kellett and Kellett Partners.* Defendants Kellett and Kellett Partners are, and have been since July 1998, "directors" for purposes of § 16(a) and (b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(a). Defendants Kellett

and Kellett Partners deputized John E. Cunningham to represent their interests on InfoSpace's Board of Directors. For purposes of liability under § 16(b)(2), Kellett and Kellett Partners are "directors."

22. *Director – Jain.* At all relevant times Jain has been a director of InfoSpace.

### E. CAUSE OF ACTION

#### Short-Swing Profits Generated in Violation of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

23. *Incorporation.* All allegations in the preceding paragraphs are incorporated herein.

24. *Breach.* The defendants personally profited by purchases and sales, or sales and purchases, of InfoSpace stock and/or other InfoSpace securities by engaging in such transactions within periods of time that were less than six months in duration. The defendants have violated § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

25. *Remedy.* The defendants must disgorge all profits from short-swing transactions to InfoSpace, in an amount to be proven at trial.

### F. RELIEF REQUESTED

Plaintiff respectfully requests the following relief in behalf of InfoSpace:

(a) Against the defendants, for all profits from the transactions prohibited by § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), in an amount to be proven at trial;

(b) An award of pre-judgment and post-judgment interest on all damages awarded, or restitution or disgorgement ordered;

(c) An award of costs and attorneys' fees against all defendants; and

FIRST AMENDED COMPLAINT - 7

SIRIANNI & YOUTZ
701 FIFTH AVENUE, SUITE 3410
SEATTLE, WASHINGTON 98104-7032
(206) 223-0303

(d) Any other relief, of any type or nature, that this Court deems just, equitable or necessary.

DATED: December 19, 2001.

SIRIANNI & YOUTZ

_____
Stephen J. Sirianni (WSBA #6957)
Richard E. Spoonemore (WSBA #21833)
Attorneys for Plaintiff

## VERIFICATION

I, Thomas R. Dreiling, being first duly sworn, am the plaintiff in the above-captioned matter, have read the foregoing First Amended Complaint and know the contents thereof, and, to the best of my knowledge, believe the allegations set forth therein to be true.

DATED this 18 day of December, 2001, at Seattle, Washington.

_____
Thomas R. Dreiling, Plaintiff

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

On this day personally appeared before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, Thomas R. Dreiling, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 18th day of December, 2001.

_____
NOTARY PUBLIC in and for the State of Washington,
residing at Seattle
My commission expires: 9/04, 2005.
Texanna Casey-Thompson

FIRST AMENDED COMPLAINT - 9

SIRIANNI & YOUTZ
701 FIFTH AVENUE, SUITE 3410
SEATTLE, WASHINGTON 98104-7032
(206) 223-0303

CC: TO JUDGE MR

HON. MARSHA J. PECHMAN

___ FILED    ___ ENTERED
___ LODGED   ___ RECEIVED

DEC 1 9 2001 **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS R. DREILING, on behalf of
INFOSPACE, INC.,

    Plaintiff,

v.

STILES A. KELLETT, JR., an individual; and
KELLETT PARTNERS LP, a limited
partnership,

    Defendants.

NO. C01-1528P

DECLARATION OF SERVICE

I declare, under penalty of perjury under the laws of the State of Washington, that on December 19, 2001, I caused a copy of 1) NOTICE OF EXPIRATION OF STAY and 2) FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER § 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934 to be served, by legal messenger, on:

    Barry M. Kaplan
    PERKINS COIE LLP
    1201 Third Ave., Suite 4800
    Seattle, WA  98101-3099

DATED this 19th day of December, 2001, at Seattle, Washington.

                                    _/s/ Stacy A. Hoffa_
                                    Declarant

DECLARATION OF SERVICE - 1

ORIGINAL

SIRIANNI & YOUTZ
701 FIFTH AVENUE, SUITE 3410
SEATTLE, WASHINGTON 98104-7032
(206) 223-0303